UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| RICHARD DeBLOIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-27 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| MARK WICKENS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous.

## **Discussion**

I.   Factual allegations

Plaintiff is incarcerated in the Lake County Jail. In his *pro se* complaint, Plaintiff sues Judge Mark Wickens; Sheriff Robert Hilts; Sheriff's Deputies Brad Nixon, Rick Perrin, Nicholes Hurrle, Jeff Robinson and Michael Moore; Laura Smalley and an unknown party named

"Jack." The complaint is fairly unintelligible, but generally concerns Plaintiff's arrest and prosecution for a criminal offense in Lake County. Plaintiff fails to clearly articulate factual allegations against the named Defendants. For relief, Plaintiff seeks "a fast release" and "a large number of money to teach a lesson . . . ."

## II.    Merits

Plaintiff attacks his arrest and conviction in Lake County and requests an immediate release from the jail. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

Furthermore, an action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). In this case, the Court is completely unable to discern the allegations contained in Plaintiff's complaint. While the majority of Plaintiff's writing is legible, the words do not form coherent sentences or convey clear thoughts. Because the Court is unable to

decipher Plaintiff's prose, his complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990). Even giving the most liberal construction to Plaintiff's complaint, *see Haines*, 404 U.S. at 520, the Court is unable to find that a cause of action has been alleged.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 27, 2006                    /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE